A. L. BRACHT, Respondent, v. SAN ANTONIO & ARKANSAS PASS RY. CO., Appellant.

Kansas City Court of Appeals, February 17, 1919.

1. **INTERSTATE COMMERCE:** Initial Carrier: Original Shipment: Freight Diverted. Plaintiff shipped a car of vegetables from Ingleside, Texas, to Dallas in the same State. When the car arrived in Dallas he had it diverted over another railroad to Kansas City, Missouri, under a new bill of lading, where it arrived with the vegetables in bad condition. He brought an action for damages against the initial carrier under the Carmack Amendment to the Interstate Commerce Law. When the shipment was made to Dallas, it was for the purpose of selling at that place and he had no intention of them going elsewhere, but for some reason changed his mind. It was *held* that the shipment was intrastate and that there was no cause of action against the initial carrier.

2. ———: Billing: Intention: Intrastate. While the billing of freight is not controlling on the question of whether it is an interstate or intrastate shipment, yet the question whether it is one or the other is one of intention, and if in the initial shipment, the point of shipment and point of destination are in the same State and no intention exists when the shipment is made for the freight to go beyond the State, it is an intrastate shipment, notwithstanding it is subsequently diverted to another State.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

REVERSED.

*Hal. R. Lebrecht* and *A. J. Bolinger* for respondent.

*Lathrop, Morrow, Fox & Moore* and *George J. Mersereau* for appellant.

ELLISON, P. J.—Plaintiff had a car of tomatoes and cucumbers at Ingleside, Texas. He had an offer from Dallas in the same State of one dollar per crate on the tomatoes and fifty cents per crate on the cucumbers, delivered at Dallas. He thereupon shipped over defendant's road, a car load of these vegetables from Ingleside to Dallas consigned to himself, and, as he expressed it in testimony, they were "to be sold in transit." For some reason, not appearing, they were not sold and on the day of arrival at Dallas, he ordered the car diverted to Kansas City, Missouri. It was diverted over the M. K. & T. Ry. Co., a new bill of lading being issued by that road from Dallas to Kansas City. They arrived at the latter place in bad condition and he brought this action for damages and recovered judgment both before a justice of the peace and in the circuit court on appeal.

If the shipment was an interstate shipment the case is governed by the Carmack Amendment to the Interstate Commerce law whereby the initial carrier is made liable for damages occurring on connecting lines and the judgment must be affirmed. On the other hand, if the shipment was intrastate the judgment must be reversed.

The bill of lading issued by defendant at Ingleside was merely for a shipment to Dallas. There was no mention of any other destination. But under the tariff rates on file with the Interstate Commerce Commission governing both defendant and the M. K. & T. Ry. Co., recognition is given to the diverting of freight from original destination. And since the shipment was made by plaintiff to Dallas, Texas, and on the day of arrival it was, by his order, diverted to Kansas City, Missouri, he insists that the shipment was interstate and defendant became liable under the Carmack Amendment.

It is conceded that whether a shipment is interstate or intrastate, is not controlled by the mere fact of it being billed as one or the other. [Chic., Mil. & St. P. Ry. Co., 233 U. S. 334, 343; So. Pac. Terminal Co. v.

Int. Com. Co., 219 U. S. 498, 527; Ohio R. R. Com. v. Worthington, 225 U. S. 101, 110; Texas & N. O. R. R. Co. v. Sabine Tram. Co., 227 U. S. 111, 127; Louisiana R. R. Com. v. Texas & Pac. Ry., 229 U. S. 336, 341.] As for instance, if the destination of a shipment originating in the interior, is a foreign country, the fact that it was billed from point of origin to a place on the coast in the same State, and there billed on a steamer to the foreign place, it would be regarded as foreign commerce from the initial point. And so if the shipment is for a State other than the one in which it originated, the fact that it is first billed to some point in the State, thence to be rebilled to destination in the other State, will not change its character as interstate commerce, [So. Pac. Terminal Co. v. Int. Comm. Com., supra; Ohio R. R. Com. v. Worthington, 225 U. S., supra.] So it is summarized in the syllabus to Texas & N. O. R. R. Co. v. Sabine Tram Co., supra, that shipments, "on local bills of lading from one point in a State to another point in the same State destined from the beginning for export, under the circumstances of this case, are foreign and not intrastate commerce."

But to make a shipment interstate, it must be a shipment *intended* for another State; and if so intended it will not be deprived of its interstate character by being billed to an intermediate point; in the State of its origin. The initial shipment must be the beginning of an interstate journey, [Reynolds v. Railroad, 195 Mo. App. 215, 219, 220; Keithly v. Lusk, 195 Mo. App. 143; McClusky v. Maryville & Northern Ry. Co., 243 U. S. 36.] A different rule would make us say that though a shipment is billed intrastate and is intended as intrastate, it will nevertheless become interstate, if from some subsequent consideration it is shipped into another State.

We are cited by plaintiff to a decision of the Interstate Commerce Commission reported in 43 I. C. C. 378, where it seems to be held that the shipper's intention in his shipment "must be a fully ripened and completed intent" which is not formed until "he

200 M. A.—42

decides whether the shipment will be disposed of locally, or the transit tariff provisions availed of for further movement. [Reynolds v. Railroad; Keithly v. Lusk, supra.] It is not necessary to say whether that case is in accord with the decisions of the Supreme Court of the United States cited above. But the remarks relied upon find no application to this case since plaintiff here had only one intent "fully matured," and that was to ship to Dallas. And, as we have already suggested, any other rule would make an intrastate shipment impossible.

The vegetables in this controversy were actually shipped and billed from Ingleside to Dallas, Texas. That they were not intended to be shipped into any other State conclusively appears. After the car arrived at destination the shipper changed his mind, entered into a new engagement with the M. K. & T. Ry. Co., whereby he shipped the car to Kansas City, Missouri. Under no consideration could this be held to relate back to the origin of the original shipment and change its character. [Gulf, Colorado & Santa Fe Ry. Co. v. Texas, 204 U. S. 403; Illinois Grain to Chicago, 40 I. C. C. 124.] It is stated by counsel that the first of these cases has been departed from in subsequent decisions. We do not find it so. On the contrary it has been frequently cited with approval as will appear by cases herein cited. A reference to McClusky v. Maryville & Northern Ry. Co. 243 U. S. 36, cited above is instructive. The case is not like this on its facts, but the rule involved there and the reasoning applied is applicable.

The judgment is reversed. All concur.